IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-20-310-R |
| | ) |
| JAWON LAQUEZ JONES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Jones' pro se[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 61].[2] Rule 4 of the Rules Governing Section 2255 Proceedings requires a sua sponte review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Having reviewed Defendant's motion, the Court concludes that, without regard to Defendant's waiver of his right to seek collateral review, his claim is procedurally barred.

Defendant pled guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and was sentenced to 180 months imprisonment. The

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).

[2] The Court previously granted Defendant's request for an extension of time to file supplemental briefing in support of his claim [Doc. Nos. 60, 62]. However, Defendant has not provided any additional briefing. The Court therefore considers Defendant's claim based on the arguments raised in his motion. Additionally, because Defendant's motion includes a declaration stating that it was mailed on June 13, 2023, the Court assumes that it was timely filed. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

Tenth Circuit dismissed Defendant's appeal pursuant to the waiver contained in his plea agreement. Defendant now seeks to vacate his sentence on the ground that § 922(g)(1)'s prohibition on possession of a firearm by a felon is unconstitutional because the type of firearms restrictions he is accused of violating did not exist at the time the Second Amendment was adopted.

Pursuant to 28 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Generally, however, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003).[3] "Cause excusing procedural default is shown if a claim is so novel that its legal basis was not reasonably available to counsel at the time of the direct appeal." *United States v. Snyder,* 871 F.3d 1122, 1127 (10th Cir. 2017) (quotation and brackets omitted).

To show cause for his failure to raise his constitutional challenge to § 922(g)(1) on direct appeal, Defendant's motion suggests that the claim was not available at the time of his sentencing or appeal. But this claim cannot fairly be described as novel given that similar Second Amendment challenges to § 922(g)(1) had been raised prior to Defendant's

---

[3] Alternatively, a defendant can overcome the procedural bar if he "can show that failure to consider the federal claims will result in a fundamental miscarriage of justice." *United States v. Angelos*, 417 F. App'x 786, 800 (10th Cir. 2011). For the same reasons explained below, the Court finds that Defendant has not made this showing.

2

guilty plea and sentencing. *See, e.g., United States v. Molina*, 484 F. App'x 276, 285 (10th Cir. 2012); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Although these other challenges were ultimately unsuccessful, "[f]utility does not constitute cause to excuse a procedural default if it means simply that a claim would have been unacceptable to a particular court at a particular time." *United States v. Angelos*, 417 F. App'x 786, 800 (10th Cir. 2011) (finding that defendant "failed to show cause to excuse his procedural default based on the alleged novelty or futility of his Second Amendment" challenge to 18 U.S.C. § 924(c)).

Even if Defendant could show cause for omitting his claim on direct appeal, he fails to show prejudice. The Tenth Circuit has consistently rejected Second Amendment challenges to § 922(g)(1)'s prohibition on possession of a firearm by a felon. *See McCane*, 573 F.3d at 1047; *United States v. Griffith*, 928 F.3d 855, 870 (10th Cir. 2019); *United States v. Gieswein*, 887 F.3d 1054, 1064 n. 6 (10th Cir. 2018); *Molina*, 484 Fed. Appx. at 285-86. Subsequent to these decisions, the Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which rejected means-end scrutiny for purposes of evaluating firearms restrictions and held that New York's firearm licensing regime violated the Second Amendment. The Tenth Circuit recently evaluated whether *Bruen's* "new test for determining the scope of the Second Amendment" undermines its precedent regarding the constitutionality of § 922(g)(1). *Vincent v. Garland*, No. 21-4121, 2023 WL 5988299, at *1 (10th Cir. Sept. 15, 2023). The Tenth Circuit determined that *Bruen* did not abrogate its precedent and that Tenth Circuit case law upholding "the constitutionality of the federal ban for *any* convicted felon's possession of a firearm" is

3

still good law. *Id.* at *4 (emphasis in original). Although other circuit courts have reached different conclusions as to the constitutionality of § 922(g)(1) subsequent to the *Bruen* decision,[4] this Court is bound to apply Tenth Circuit precedent. *See United States v. Carrero,* 635 F. Supp. 3d 1210, 1215 (D. Utah 2022) ("This court is bound to follow Tenth Circuit precedent unless it is overturned by the Tenth Circuit or a superseding contrary decision by the Supreme Court."). Defendant has therefore failed to show cause and prejudice to excuse his procedural default.

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 61] is DENIED. Further, an evidentiary hearing is not required as Defendant's motion involves issues of law. *See Angelos*, 417 F. App'x at 789.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

---

[4] *Compare United States v. Jackson,* 69 F.4th 495, 502 (8th Cir. 2023) (rejecting as-applied challenge to § 922(g)(1)) with *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023) (finding § 922(g)(1) unconstitutional as applied to the defendant).

*McDaniel*, 529 U.S. 473, 484 (2000). The Court finds this standard is not met in this case and a COA is therefore denied.

    IT IS SO ORDERED this 20th day of September, 2023.

                                  */s/ David L. Russell*
                                  **DAVID L. RUSSELL**
                                  **UNITED STATES DISTRICT JUDGE**